**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BILL JOSEPH STONE,        )

        Petitioner,    )

vs.               )

E.K. McDANIEL, *et al.*,    )

        Respondents.   )

               )

_____/

3:07-cv-0480-ECR-RAM

ORDER

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Bill Joseph Stone, a Nevada state prisoner represented by counsel. Before the Court are respondents' combined motion to dismiss and answer (Docket #23), petitioner's reply and opposition to the motion to dismiss (Docket #32), and respondents' reply brief (Docket #37).

**I.      Procedural History and Background**

Petitioner was convicted, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon, conspiracy to commit robbery, and attempted robbery with the use of a deadly weapon. (Exhibit 38 and 48).[1] Petitioner was sentenced to two consecutive terms of life in

_____

[1] The exhibits referenced in this order were filed by petitioner, at Docket #3, #4, #5, #6, #7, #9, and #12-15 of the above-captioned action.

prison without the possibility of parole for murder with the use of a deadly weapon and concurrent terms for the remaining charges.  (Exhibits 47 and 48).

Petitioner filed a notice of appeal.  (Exhibit 50).  The Nevada Supreme Court affirmed petitioner's conviction and sentence in a decision filed December 20, 1999.  (Exhibit 56).

Petitioner filed a post-conviction habeas petition in state court.  (Exhibit 65).  The state district court dismissed the petition without conducting an evidentiary hearing.  (Exhibit 70).

Petitioner appealed from the denial of his state habeas petition.  (Exhibit 72).  In an opinion dated August 28, 2002, the Nevada Supreme Court affirmed the district court's denial of the state habeas petition.  (Exhibit 75).

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on September 12, 2002.  The case was opened on October 29, 2002, under case number 3:02-cv-0581-ECR-RAM.  On February 21, 2003, this Court entered an order appointing the Office of the Federal Public Defender to represent petitioner in this action.  (Docket #4).  Through counsel, a first amended habeas petition was filed on January 20, 2004.  (Docket #18 in 3:02-cv-581-ECR-RAM).  Respondents filed an answer to the first amended petition on April 19, 2004.  (Docket #27 in 3:02-cv-0581-ECR-RAM).  On June 28, 2004, petitioner filed a second amended petition.  (Docket #34 in 3:02-cv-0581-ECR-RAM).  Respondents moved to dismiss the second amended petition. (Docket #38 in 3:02-cv-0581-ECR-RAM).  By order filed February 15, 2005, this Court granted in part, and denied in part, the motion to dismiss.  (Docket #46 in 3:02-cv-0581-ECR-RAM).  On March 24, 2005, this Court entered an order allowing petitioner to return to state court to exhaust his unexhausted claims, and closing the case administratively.  (Docket #51 in 3:02-cv-0581-ECR-RAM).

Petitioner filed a second post-conviction state habeas petition on April 13, 2005. (Exhibit 90).  Petitioner claimed that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding evidence that could have impeached the credibility of State witness Douglas Dougherty during petitioner's trial.  (*Id.*).  The alleged *Brady* evidence was that witness Dougherty received

financial benefits from the State in exchange for his testimony.  (Exhibit 90, at pp. 9-11).  The state

district court dismissed the petition, concluding that it was procedurally barred as untimely and

successive.  (Exhibit 94).  Petitioner appealed the state court's denial of the petition.  (Exhibit 96).

The Nevada Supreme Court determined that the petition was untimely and successive pursuant to

NRS 34.726(1) and NRS 34.810(1)(b)-(3).  (Exhibit 100).

By order filed October 10, 2007, this Court granted petitioner's motion to reopen this

action under the above-captioned case number, 3:07-cv-480-ECR-RAM.  (Docket #2).  Through

counsel, petitioner filed a third amended petition.  (Docket #8).  Petitioner also filed Exhibits 90-100

with the third amended petition.  (Docket #9).  Respondents filed a motion to dismiss and answer to

the third amended petition.  (Docket #23).

**II.     Discussion**

   **A.   Exhaustion**

Respondents contend that Grounds One, Two, Four, Eight, and Eleven of the third

amended petition are unexhausted.  Respondents previously acknowledged that Grounds One

through Eleven were exhausted.  (Docket #38, at p. 5, in 3:02-cv-0581-ECR-RAM).  This

constituted an express waiver of the exhaustion arguments now made by respondents.  *See* 28 U.S.C.

§ 2254(b)(3).  Moreover, this Court has previously deemed Grounds One through Eleven to be

exhausted.  (Docket #46, at p. 5, in 3:02-cv-0581-ECR-RAM).  Respondents' motion to dismiss

Grounds One, Two, Four, Eight, and Eleven based on exhaustion grounds is denied.

   **B.  New Evidence/Challenged Exhibits 78-89**

Respondents argue that 78-89 have not been presented to any Nevada Court, and as

such, this Court cannot be considered by this Court.  Petitioner cites Habeas Rule 7 as authority for

this Court to consider Exhibits 78-89.

Rule 7 of the Rules Governing Section 2254 Cases provides as follows: "If the

petition is not dismissed, the judge may direct the parties to expand the record by submitting

additional materials relating to the petition.  The judge may require that these materials be

authenticated."  Rule 7(a).  Subpart (b) of Rule 7 outlines the types of materials that the judge may require and Subpart (c) provides that the judge must provide each party the opportunity to admit or deny the correctness of additional materials submitted by the opposing party.  Rule 7 does not authorize the petitioner to submit exhibits to a federal petition that were not considered by the state court.

To expand the record under Habeas Rule 7, a petitioner must satisfy the requirements of 28 U.S.C. § 2254(e)(2).  *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005).  The conditions of  28 U.S.C. § 2254(e)(2) generally apply to petitioners seeking relief based on new evidence, even when they do not seek an evidentiary hearing.  *Holland v. Jackson*, 542 U.S. 649 (2004).  Section 2254(e)(2) provides as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
> (A) the claim relies on –
>> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence
> **and**
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2) (emphasis added).  "If there has been no lack of diligence at the relevant stages in the state proceedings, the prisoner has not 'failed to develop' the facts under § 2254(e)(2)'s opening clause, and he will be excused from showing compliance with the balance of the subsections's requirements."  *Williams v. Taylor*, 529 U.S. 420, 437 (2000).  "Diligence for purposes of the opening clause [of 28 U.S.C. § 2254(e)(2)] depends on whether [petitioner] made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court[.]"  *Cooper-Smith v. Palmateer*, 397 F.3d at 1241 (brackets in original) (quoting *Williams*, 529 U.S. at 435).

1         With respect to the proposed supplement exhibits, petitioner asserts that he did not

2   fail to develop the facts under section 2254(e)(2)'s opening clause and therefore, need not make a

3   showing in compliance with the remainder of the subsection's requirements.

4         The Court rejects petitioner's argument that he developed the facts contained in

5   Exhibits 78-89 and thus is not subject to the requirements of 28 U.S.C. § 2254(e)(2).  "Diligence"

6   for purposes of the opening clause of 28 U.S.C. § 2254(e)(2) depends on whether the petitioner made

7   a reasonable attempt, in light of the information available at the time, to investigate and pursue

8   claims in state court. *Cooper-Smith v. Palmateer*, 397 F.3d at 1241.  Petitioner has not shown that

9   he or his counsel (trial or appellate) made a reasonable attempt to investigate and present the

10  information contained in Exhibits 78-89 in state court proceedings.  Petitioner does not explain why

11  the evidence could not have been discovered through the exercise of due diligence and presented to

12  the state courts in petitioner's criminal appeals and post-conviction petitions.

13        Petitioner has failed to meet his burden of showing that Exhibits 78-89 were based on

14  "a factual predicate that could not have been previously discovered through the exercise of due

15  diligence."  28 U.S.C. § 2254(e)(2).  It cannot be argued that, through the exercise of due diligence,

16  petitioner could not have discovered such information previously through the exercise of due

17  diligence.

18        Additionally, petitioner's Exhibits 78-89 go to the weight of the evidence and the

19  credibility of the State's witnesses.  Petitioner has not shown that "the facts . . . would be sufficient

20  to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-

21  finder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2254(e)(2).

22        Because petitioner has not met the conditions of 28 U.S.C. § 2254(e)(2) with respect

23  to Exhibits 78-89, this Court will not consider these exhibits when ruling on the merits of the instant

24  federal habeas petition. *See Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir. 2005); *Holland v.*

25  *Jackson*, 542 U.S. 649 (2004).  The Court now turns to the merits of the third amended petition.

26

1    **C.  Merits Discussion**

2         The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. §

3    2254(d), provides the legal standard for the Court's consideration of this habeas petition:

4         An application for a writ of habeas corpus on behalf of a
          person in custody pursuant to the judgment of a State court shall not be
5         granted with respect to any claim that was adjudicated on the merits in
          State court proceedings unless the adjudication of the claim –

6         (1) resulted in a decision that was contrary to, or involved an
7         unreasonable application of, clearly established Federal law, as
          determined by the Supreme Court of the United States; or

8         (2) resulted in a decision that was based on an unreasonable
9         determination of the facts in light of the evidence presented in the
          State court proceeding.

10

11        The AEDPA "modified a federal habeas court's role in reviewing state prisoner

12   applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are

13   given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state

14   court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28

15   U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the

16   Supreme Court's] cases" or "if the state court confronts a set of facts that are materially

17   indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result

18   different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003)

19   (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685,

20   694 (2002)).

21        A state court decision is an unreasonable application of clearly established Supreme

22   Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

23   governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

24   principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,

25   529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more

26   than merely incorrect or erroneous; the state court's application of clearly established federal law

6

1   must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

2        In determining whether a state court decision is contrary to, or an unreasonable

3   application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v.*

4   *Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th

5   Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

6        Moreover, "a determination of a factual issue made by a State court shall be presumed

7   to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness

8   by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

9        **1. Ground One**

10       Petitioner alleges that the prosecutor's presentation of testimony relating to the

11  petitioner's post-arrest silence and request for an attorney was violative of the Fifth, Sixth, and

12  Fourteenth Amendments to the United States Constitution. (Amended Petition, Docket #8, at pp. 8-

13  9). In addressing this claim, the Nevada Supreme Court ruled as follows:

14       Appellant contends that the prosecutor committed misconduct by

15  commenting on appellant's invocation of his right to remain silent. Appellant alleges that the prosecutor elicited testimony from detective

16  Eddie Newman (Newman) that, after arrest, appellant was read his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 479 (1966) and

17  then invoked his right to remain silent. Appellant further contends that the district court abused its discretion by refusing to grant a mistrial

18  based upon the testimony given by Newman. We disagree.

19  The testimony at issue was not the result of the prosecution directly commenting or intentionally soliciting a comment on appellant's

20  election to remain silent. Instead, it was the result of an unresponsive answer given during the examination of a state witness. Therefore, we

21  conclude that the question asked of Newman, and his answer, does not constitute prosecutorial misconduct. In addition, such comments on a

22  defendant's post-arrest silence are harmless beyond a reasonable doubt if they are mere passing reference to the subject. See McGee v. State,

23  102 Nev. 458, 725 P.2d 1215 (1986). Accordingly, we conclude that the district court did not abuse its discretion by refusing to grant a

24  mistrial based upon the testimony given by Newman. See Meegan v. State, 114 Nev. 1150, 968 P.2d 292 (1998).

25  (Exhibit 56, at pp. 1-2).

26

1         Petitioner argues that detective Newman's comment on petitioner's silence was not an

2    "unresponsive answer," as characterized by the Nevada Supreme Court.  At trial, the prosecutor

3    asked Newman whether something unusual happened when petitioner came in.  Detective Newman

4    answered:  "Initially Mr. Stone advised me that he wanted an attorney and didn't want to speak to

5    me, and then he started screaming, Roy, don't talk.  Don't say nothing.  And was – became very irate

6    and upset."  (Exhibit 33, at p. 115).  Detective Newman's statement was unresponsive because the

7    prosecutor's question called for a "yes" or "no" answer.  It cannot be inferred, as petitioner suggests,

8    that the prosecutor intentionally solicited a comment on petitioner's decision to remain silent.

9    Moreover, petitioner's trial counsel conceded that detective Newman's answer was unresponsive.

10   (Exhibit 33, at pp. 195-95).

11        The Nevada Supreme Court's determination on this claim was not unreasonable.  The

12   factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed

13   to meet his burden of proving that the state court's ruling was contrary to, or involved an

14   unreasonable application of, clearly established federal law, as determined by the United States

15   Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of

16   the evidence presented in the state court proceeding.  This Court will deny habeas relief as to Ground

17   One.

18       **2.  Ground Two**

19        Petitioner alleges that he was denied his right under the Fifth and Fourteenth

20   Amendments to call witnesses at trial and present a defense when he was denied the opportunity to

21   call an additional alibi witness.  (Amended Petition, Docket #8, at pp. 9-10).  In reviewing this claim,

22   the Nevada Supreme Court held the following:

23             Next, appellant contends that the district court abused its discretion by
     refusing to allow the testimony of an alibi witness, Richard Deobom

24             (Deobom), for appellant's alleged failure to comply with the notice
     requirement of NRS 174.087 (now NRS 174.233). [Footnote 1:

25             Appellant claimed that he was at the residence of the Martinez family
     at the time of the murder.].  We agree.

26

1    If an alibi notice is given by a defendant, NRS 174.087(4) allows a
     court to exclude the testimony of any alibi witness whose name and
2    last known address is not stated on the notice.  The last known address
     is based upon the best information known by the defendant or his
3    attorney.  Here, at the time that appellant served the required notice,
     the witness was not known to appellant.  Appellant only learned about
4    Deobom during the course of the trial and immediately notified the
     court and the prosecution that of his existence.  When Deobom
5    appeared at the courthouse to testify on other matters, he revealed
     additional knowledge relating to the alibi defense.  Appellant did not
6    realize that Deobom had seen him at the Martinez residence until
     Deobom mentioned this fact to appellant's counsel during trial.  We
7    conclude that the district court abused its discretion by refusing to
     allow Deobom's testimony for failure to comply with the notice
8    requirements of NRS 174.087.

9    Where evidence has been excluded in error, this court will apply a
     harmless error standard.  See Qualls v. State, 114 Nev. 900, 961 P.2d
10   765 (1998); see also NRS 178.598.  Where the independent evidence
     of guilt is overwhelming, a lower court's error is considered harmless
11   beyond a reasonable doubt and the resulting conviction will not be
     reversed.  See Turner v. State, 98 Nev. 243, 246, 645 P.2d 971, 972
12   (1982); see also State v. Carroll, 109 Nev. 975, 977, 860 P.2d 179, 180
     (1993).

13   Here, the jury in this case received testimony from two people who
14   heard appellant confess to the crimes, one who witnessed the crime
     and one who planned the crime with appellant.  The jury also saw
15   numerous articles of physical evidence, including bloody clothes worn
     by appellant the night of the murder, the gun used in the commission
16   of the crime in possession of the co-conspirator, and articles belonging
     to the victim in the appellant's backpack.  Accordingly, we conclude
17   that the overwhelming evidence of guilt was presented to the jury in
     this case and that the district court's error in refusing to allow Deobom
18   to testify was harmless beyond a reasonable doubt.

19   (Exhibit 56, at pp. 2-4).

20          Petitioner claims that the Nevada Supreme Court's decision is unreasonable and that

21   its application of the harmless error standard is different from the standard announced in *Chapman v.*

22   *California*, 386 U.S. 18 (1967).  In performing the harmless error analysis, the Nevada Supreme

23   Court cited to *Qualls v. State*, 961 P.2d 765 (1998), which cites *Johnson v. State*, 551 P.2d 241

24   (1976), which in turn cites *Jacobs v. State*, 532 P.2d 1034 (1975), *Harris v. State*, 521 P.2d 367

25   (1974), and *Grimaldi v. State*, 518 P.2d 615 (1974), each of which rely on and cite to *Chapman v.*

26   *California*, 386 U.S. 18 (1967).  The Nevada Supreme Court also cited to *Turner v. State*, 645 P.2d

9

1   971 (1982) and *State v. Carroll*, 860 P.2d 179 (1993), both of which can be traced to *Chapman v.*

2   *California*.

3           The Nevada Supreme Court's application of "harmless error" analysis to the

4   exclusion of alibi witness Richard Deobom was not objectively unreasonable or in conflict with

5   United States Supreme Court precedent.  The Nevada Supreme Court's conclusion that the exclusion

6   of an alibi witness was harmless error is entitled to deference by this Court.  *Inthavong v.LaMarque*,

7   420 F.3d 1055, 1058-59 (9th Cir. 2005).  Petitioner has failed to prove that the Nevada Supreme

8   Court's application of the harmless error rule to the facts of this case was objectively unreasonable.

9   Moreover, the Nevada Supreme Court's decision does not run afoul of the "beyond-a-reasonable

10  doubt" harmless error standard of *Chapman v. California*, 386 U.S. 18, 24 (1967).  Nor has

11  petitioner shown that the exclusion of alibi witness Richard Deobom had a "substantial and injurious

12  effect or influence in determining the jury's verdict" under the independent harmless error review

13  standard of *Brecht v. Abramson*, 507 U.S. 619, 623 (1993).

14          Moreover, the factual findings of the state court are presumed correct.  28 U.S.C. §

15  2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was

16  contrary to, or involved an unreasonable application of, clearly established federal law, as

17  determined by the United States Supreme Court, or that the ruling was based on an unreasonable

18  determination of the facts in light of the evidence presented in the state court proceeding.  This Court

19  will deny habeas relief as to Ground Two.

20                          **3. Ground Three**

21          Petitioner alleges that he was denied his right of confrontation under the Sixth and

22  Fourteenth Amendments when he was refused the opportunity to call a witness to verify that Roy

23  Mancha brandished the murder weapon in his presence a month before the killing.  (Amended

24  Petition, Docket #8, at pp. 10-11).  In reviewing this ground, the Nevada Supreme Court held:

25                  Appellant next contends that the district court erred in refusing to
                    allow him to present evidence regarding the credibility of state
26                  witnesses Roy Mancha (Mancha) and Christine Sooley (Sooley).  We
                    disagree.

1

2

3

4

5

6

7

8

Appellant sought to elicit testimony from a witness indicating that Mancha brandished a weapon during the period in which Mancha had testified that the weapon was under his bed.  Appellant has stated that this testimony was sought for the purpose of attacking Mancha's credibility and character for truthfulness.  Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime, may not be provided by extrinsic evidence.  See NRS 50.085(3).  To the extent appellant relies upon NRS 50.085(3), we conclude that the district court did not err in refusing to allow appellant to present this evidence.  [Footnote 2: The district court found that the evidence did not contradict Mancha's testimony that he was in possession of the gun during the time in question, only what he did with the gun.  The district court ruled that whether the gun was brandished in Deobom's presence was an immaterial issue.].

9

10

11

12

With respect to Sooley, appellant sought to elicit the testimony of Whalen Deobom (Whalen).  The district court did not make a final ruling on the admissibility of Whalen's testimony.  Instead, the district court asked appellant to obtain further specifics about Whalen's testimony and bring it before the court at a later date.  The record indicates that appellant never again brought the issue before the district court.  Accordingly, we conclude that the district court did not err.

13 (Exhibit 56, at p. 4).

14       Questions about the admissibility of evidence are matters of state law.  *Bashor v.*

15 *Risley*, 730 F.2d 1228, 1238 (9th Cir. 1983).  "[A]n erroneous evidentiary ruling will not cause a writ

16 to issue unless a specific constitutional guarantee has been violated or the error is of such a

17 magnitude that the result is a denial of fundamental fairness."  *McGuire v. Estelle*, 873 F.2d 1323,

18 1325 (9th Cir. 1989).  Unless there is an error which renders a defendant's trial fundamentally unfair,

19 a federal habeas court will not disturb a state court's determination of evidentiary issues.  *Id.*

20       Petitioner argues that the trial court should have permitted the defense to present

21 testimony by Deobom that, a month before the murder, Mancha had a .22 long barrel black revolver

22 with a cracked pearl handle.  Mancha testified at trial that he did not own the revolver and that he

23 only had custody of it.  Petitioner asserts that Deobom's testimony would have proven that Mancha

24 owned the revolver.  Deobom's testimony would not have necessarily shown ownership of the gun,

25 but only that he had custody of it a month before the murder.  Therefore, Deobom's testimony would

26 not have impeached Mancha.  Finally, petitioner argues that the court must analyze this case under a

1   five-part test announced in *Chia v. Cambra*, 360 F.3d 997, 1003 (2004).  This case is not mandated

2   by the United States Supreme Court, and is not relevant to whether the Nevada Supreme Court's

3   ruling was an unreasonable application of established federal law.  *See* 28 U.S.C. § 2255(d).

4          The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).

5   Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or

6   involved an unreasonable application of, clearly established federal law, as determined by the United

7   States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in

8   light of the evidence presented in the state court proceeding.  This Court will deny habeas relief as to

9   Ground Three.

10                      **4. Ground Four**

11         Petitioner asserts that he was denied his due process rights under the Fifth and

12   Fourteenth Amendments to be sentenced based on reliable evidence when unauthenticated and

13   unidentified writings were introduced against him at his penalty hearing.  (Amended Petition, Docket

14   #8, at pp. 11-12).

15              With respect to this ground, the Nevada Supreme Court ruled as follows:

16              Appellant next contends that the district court erred in allowing
               writings attributed to appellant, that referred to taking people's lives
17              and illustrated a gun next to a person's head, to be admitted during the
               penalty phase of appellant's trial.  We disagree.  The writings at issue
18              were relevant to determine appellant's state of mind prior to the
               murder.  Accordingly, we conclude that the district court did not err in
19              allowing the writings to be admitted during the penalty phase of
               appellant's trial.  <u>See</u> NRS 175.552(3).

20

21   (Exhibit 56, at p. 5).

22              Due process forbids a sentencing judge from relying on materially false or unreliable

23   information.  *See Townsend v. Burke*, 334 U.S. 736, 740-41 (1948); *United States v. Rachels*, 820

24   F.2d 325, 328 (9th Cir. 1987).  The defendant has the burden of showing that the sentencing judge

25   relied on materially false information in determining the sentence.  *See United States v. Rachels*, 820

26   F.2d 325, 328 (9th Cir. 1987).

1          In the instant case, the Nevada Supreme Court reviewed petitioner's claim and

2  affirmed the finding that the writings were admissible as evidence of petitioner's state of mind prior

3  to the murder.  Petitioner does not deny that he wrote the writings at issue, nor does he show that the

4  writings were materially false or unreliable.  The factual findings of the state court are presumed

5  correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state

6  court's ruling was contrary to, or involved an unreasonable application of, clearly established federal

7  law, as determined by the United States Supreme Court, or that the ruling was based on an

8  unreasonable determination of the facts in light of the evidence presented in the state court

9  proceeding.  This Court will deny habeas relief as to Ground Four.

10          **5. Ground Five**

11          Petitioner claims that he was denied his due process rights under the Fifth and

12  Fourteenth Amendments because there was insufficient evidence presented at trial to support a

13  finding of guilt of the crimes charged beyond an reasonable doubt:  (a) There was insufficient

14  evidence to prove a conspiracy between petitioner and Mancha; (b) There was insufficient evidence

15  to prove petitioner acted with premeditation in any killing of Benjamin Blonde; and (c) There was

16  insufficient evidence to prove any overt act with respect to robbing Benjamin Blonde.  (Amended

17  Petition, Docket #8, at pp. 12-13).

18          When a habeas petitioner challenges the sufficiency of evidence to support his

19  conviction, the court reviews the record to determine "whether, after viewing the evidence in the

20  light most favorable to the prosecution, any rational trier of fact could have found the essential

21  elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979);

22  *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000).  The court must assume that the jury resolved any

23  evidentiary conflicts in favor of the prosecution, and the court must defer to that resolution.  *Jackson*,

24  443 U.S. at 326; *Schell v. Witek*, 218 F.3d 1017, 1023 (9th Cir. 2000) (*en banc*).  The credibility of

25  witnesses is beyond the scope of the court's review of the sufficiency of the evidence.  *See Schlup v.*

26  *Delo*, 513 U.S. 298, 330 (1995).  Under the *Jackson* standard, the prosecution has no obligation to

rule out every hypothesis except guilt. *Wright v. West*, 505 U.S. 277, 296 (1992) (plurality opinion);

*Jackson*, 443 U.S. at 326; *Schell*, 218 F.3d at 1023. *Jackson* presents "a high standard" to habeas

petitioners claiming insufficiency of evidence. *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000).

        In the instant case, the Nevada Supreme Court analyzed each of petitioner's claims of

insufficiency of the evidence:

> Appellant next contends that there was insufficient evidence presented at trial to support his convictions. We disagree.
>
> In support of appellant's conviction for conspiracy to commit robbery, the state presented evidence that appellant and Mancha discussed robbing the victim on November 12, 1996. We conclude that viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have found appellant guilty of conspiracy to commit robbery. See Jackson v. Virginia, 433 U.S. 307, 319 (1981); see also Doyle v. State, 112 Nev. 879, 921 P.2d 901, 911 (1996).
>
> In support of appellant's conviction for first degree murder with the use of a deadly weapon, the state presented the following evidence: Sooley testified that appellant, after leading the victim to a secluded area and exiting the vehicle under false pretenses, shot the victim twice in the head. In addition, Louis Myers testified that appellant had told him that appellant shot the victim twice in the back of the head. Finally, as noted above, physical evidence linking the appellant to the crime was also presented. Accordingly, we conclude that viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have found appellant guilty of first degree murder with the use of a deadly weapon. See Jackson, 443 U.S. at 319; NRS 200.010.
>
> With respect to the attempted robbery conviction, we conclude that viewing all the evidence in the light most favorable to the prosecution, a rational trier of fact could have found appellant guilty of attempted robbery with the use of a deadly weapon. See Moffett v. State, 96 Nev. 822, 824, 618 P.2d 1223, 1224 (1980).

(Exhibit 56, at pp. 5-6).

        This Court has reviewed the record and finds that petitioner has failed to demonstrate

an insufficiency of evidence for his conviction. This Court will not disturb the findings of the state

court. The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1).

Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or

involved an unreasonable application of, clearly established federal law, as determined by the United

States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  This Court will deny habeas relief as to Ground Five.

### 6. Ground Six

Petitioner alleges that he was denied his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments when counsel failed to investigate and interview a key prosecution witness.  (Amended Petition, Docket #8, at pp. 14-15).

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense.  *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687).  To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness.  *Id.*  To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*  A reasonable probability is "probability sufficient to undermine confidence in the outcome."  *Id.*  Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight.  *Strickland,* 466 U.S. at 689.  It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy.  *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted).  If the state court has already rejected an

1   ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary

2   to, or an unreasonable application of the *Strickland* standard.  *See Yarborough v. Gentry,* 540 U.S. 1,

3   5 (2003).  There is a strong presumption that counsel's conduct falls within the wide range of

4   reasonable professional assistance.  *Id.*

5           The Nevada Supreme Court addressed petitioner's claim of ineffective counsel in

6   affirming the denial of petitioner's state habeas petition:

7           In his petition, appellant claimed . . . (9) his trial counsel failed to
            contact and interview the alleged jailhouse informants Louis Meyers

8           and Douglas Daugherty . . . Appellant failed to provide specific facts
            supporting these claims. [Footnote 3: Hargrove v. State, 100 Nev. 498,

9           686 P.2d 222 (1984).].

10  (Exhibit 75, at pp. 2-3).

11          Petitioner now attempts to provide specific facts supporting his claim in the instant

12  petition by presenting Exhibit 78, which claims that, in an interview on December 31, 2003,

13  Daugherty contends that he was never interviewed by defense counsel.  (Exhibit 78).  The Court has

14  ruled that because Exhibit 78 was not presented to the state courts and fails to meet the requirements

15  of Section 2254(e)(2), it will not consider the exhibit.  Moreover, even if it was considered, this

16  information would not demonstrate ineffective assistance of counsel.

17          The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).

18  Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or

19  involved an unreasonable application of, clearly established federal law, as determined by the United

20  States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in

21  light of the evidence presented in the state court proceeding.

22          This Court has reviewed the record with respect to petitioner's claim of ineffective

23  assistance of counsel.  Counsel's performance did not fall below an objective standard of

24  reasonableness under prevailing norms.  Nor has petitioner satisfied the prejudice prong of the

25  *Strickland* analysis, as he has not shown that, but for the alleged errors of counsel, the outcome of

26

16

1   the proceeding would have been different.  Petitioner's counsel was not ineffective and this Court

2   will deny habeas relief with respect to Ground Six.

3               **7. Ground Seven**

4               Petitioner claims that he was denied his rights to due process and a fair trial under the

5   Fifth and Fourteenth Amendments when the prosecution committed misconduct by knowingly using

6   perjured testimony to convict him.  (Amended Petition, Docket #8, at pp. 16-19).  The Nevada

7   Supreme Court found that this claim, which was presented in petitioner's post-conviction state

8   habeas petition, was waived.  (Exhibit 75, at p. 2, n.2).

9               In the reply, petitioner asserts that Louis Myers' trial testimony was false.  At trial,

10  Myers testified that, while he and petitioner were both incarcerated in a Henderson, Nevada jail,

11  petitioner confessed that he had shot the victim.  (Exhibit 33, p. 157; p. 159, pp. 174-175).  Petitioner

12  now asks the Court to consider Myers' declaration, signed February 4, 2004.  (Exhibit 82).  In the

13  declaration, Myers states that his trial testimony was false.  (Exhibit 82).

14              The knowing use of false or perjured testimony against a defendant to obtain a

15  conviction is unconstitutional.  *Napue v. Illinois*, 360 U.S. 264 (1959).  An allegation that false or

16  perjured testimony was introduced is not a constitutional violation, absent knowing use by the

17  prosecution.  *Carothers v. Rhay*, 594 F.2d 225, 229 (9th Cir. 1979).  It is petitioner's burden to show

18  that a statement was false.  *Id.*  Mere inconsistencies in testimony do not establish knowing use of

19  perjured testimony.  *United States v. Sherlock*, 962 F.2d 1349, 1364 (9th Cir. 1992).  The

20  prosecution's presentation of contradictory testimony is not improper.  *U.S. v. Necoechea*, 986 F.2d

21  1273, 1280 (9th Cir. 1993).  There must be an allegation of specific evidence that the prosecutor

22  knew to be false.  Where credibility is fully explored by the jury, it is properly a matter for jury

23  consideration.  *United States v. Zuno-Arce*, 44 F.3d 1420, 1423 (9th Cir. 1995); *Carothers v. Rhay*,

24  594 F.2d 225, 229 (9th Cir. 1979).  The petitioner's burden for perjured testimony is a reasonable

25  likelihood that the false testimony could have affected the verdict.  *U.S. v. Agurs*, 427 U.S. 97, 103

26  (1976); *Giglio v. U.S.*, 405 U.S. 150, 154 (1972).  A claim of perjured testimony is subject to

1  harmless error analysis.  *Sassounian v. Roe*, 230 F.3d 1097, 1108 (9th Cir. 2000) (no prejudice where

2  testimony did not affect the result).

3           This Court has ruled herein, *supra*, that Myers' declaration (Exhibit 82) was not

4  presented to the state courts and fails to meet the requirements of Section 2254(e)(2).  Even if this

5  Court considers Myers' declaration, in which he recants his trial testimony, there is no showing that

6  the prosecutor knew that Myers' testimony was false.  Myers' credibility was explored at trial

7  (Exhibit 33, at pp. 150-192), and credibility is a matter for jury consideration, not for this Court to

8  disturb.  Moreover, even if there was a *Napue* violation, any such error was harmless.  Myers'

9  testimony, even if false as petitioner asserts, did not have a "substantial and injurious effect or

10  influence in determining the jury's verdict" under the independent harmless error review standard of

11  *Brecht v. Abramson*, 507 U.S. 619, 638 (1993).  As such, this Court will deny habeas relief as to

12  Ground Seven.

13          **8. Ground Eight**

14           Petitioner alleges that he was denied his right to the effective assistance of appellate

15  counsel under the Sixth and Fourteenth Amendments when counsel failed to include the

16  prosecution's knowing use of perjured testimony claim as a direct appeal issue.  (Amended Petition,

17  Docket #8, at p. 19).  Specifically, petitioner claims that appellate counsel failed to discover the

18  alleged perjured testimony of Louis Myers, and the failure to present this specific claim as a direct

19  appeal issue was unreasonable.

20           This Court has reviewed the record with respect to petitioner's claim of ineffective

21  assistance of appellate counsel.  The *Strickland* standard applies to challenges of effective appellate

22  counsel.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  Appellate counsel has no constitutional duty

23  to raise every non-frivolous issue requested by the client.  *Jones v. Barnes*, 463 U.S. 745, 751-54

24  (1983).  In the instant case, appellate counsel's performance did not fall beyond an objective

25  standard of reasonableness under prevailing norms.  Nothing in the trial court record evidenced a

26  *Napue* violation, and appellate counsel had no duty to present such a claim on direct appeal.

Petitioner has not satisfied the prejudice prong of the *Strickland* analysis, as he has not shown that, but for the alleged error of appellate counsel, the outcome of the appeal would have been different. Petitioner's appellate counsel was not ineffective and this Court will deny habeas relief with respect to Ground Eight.

### 9. Ground Nine

Petitioner alleges that he was denied his Sixth and Fourteenth Amendment rights to the effective assistance of counsel at trial and during his penalty hearing when counsel failed to obtain and properly utilize an expert witness in support of a voluntary intoxication defense and mitigation argument. (Amended Petition, Docket #8, at pp. 19-21). Petitioner asserts that counsel should have utilized Dr. Stephen Pittel to support a voluntary intoxication defense and mitigation argument.

The Nevada Supreme Court reviewed this claim as one of petitioner's thirty grounds alleging ineffective assistance of trial counsel. The Court ruled as follows:

> Twenty-ninth, appellant claimed that his trial counsel failed to properly develop a theory of defense and abandoned his theory that he was innocent of the crimes. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant's theory at trial was that he was innocent and that he had an alibi for the time of the murder. Appellant presented several witnesses and testified on his own behalf in support of his alibi defense. Appellant further attempted to impeach the credibility of the State's witnesses during cross examination and through the presentation of defense witnesses. Thus, his trial counsel did not abandon his theory of innocence. Appellant failed to indicate what further steps could have been taken to develop his theory of defense that would have had a reasonable probability of altering the outcome of the trial given the overwhelming evidence of guilt. Therefore, appellant is not entitled to relief.

(Exhibit 75, at p. 18).

The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in

1   light of the evidence presented in the state court proceeding.

2        This Court has reviewed the record with respect to petitioner's claim of ineffective

3   assistance of counsel.  Petitioner's counsel initially identified Dr. Stephen Pittel as a licensed

4   psychologist with expertise in drug addiction.  (Exhibit 14).  At trial and at the penalty hearing,

5   counsel did not present testimony of Dr. Pittel or another expert on the topic of drug addiction.

6   Petitioner opines that expert opinion testimony concerning his methamphetamine addiction would

7   have supported a theory of voluntary intoxication, allowing petitioner to seek a plea to second degree

8   murder or voluntary manslaughter.  This Court finds that counsel's performance did not fall beyond

9   an objective standard of reasonableness under prevailing norms.  Petitioner merely speculates that if

10  his counsel had used an expert, he would have been able to seek a plea to second degree murder or

11  voluntary manslaughter.  There is no indication that the prosecutor would have made such an offer or

12  that petitioner would have accepted such an offer had it been made.  Petitioner has not satisfied the

13  prejudice prong of the *Strickland* analysis, as he has not shown that, but for the alleged errors of

14  counsel, the outcome of the proceeding would have been different.  Petitioner's counsel was not

15  ineffective and this Court will deny habeas relief with respect to Ground Nine.

16              **10. Ground Ten**

17       Petitioner claims that he was denied his Sixth and Fourteenth Amendment rights to

18  the effective assistance of counsel when trial counsel failed to object to the admission into evidence

19  of a videotape of Roy Mancha's police interview which purportedly contained statements by

20  petitioner.  (Amended Petition, Docket #8, at pp. 21-22).  Petitioner alleges that his trial counsel

21  failed to verify that it was petitioner's voice on the tape and that trial counsel's failure to object to

22  the tape's admission caused him prejudice.

23       The Nevada Supreme Court ruled on this claim as follows:

24       Twentieth, appellant claimed that his counsel was ineffective for
         failing to file a motion to suppress the videotape of Roy Mancha's
25       interview with police.  During the videotape, an individual, identified
         as appellant by the detective interviewing Mancha, was heard
26       screaming and yelling in the background. [Footnote 26: The detective
         testified that appellant yelled, "This is bogus."  The detective further

1
2
3
4
5
6
7

testified that appellant screamed, "Lies, lies, lies," and "You're lying Roy."  A second detective, the detective that talked to appellant when he was brought to the Henderson Police Department, testified that appellant yelled, "Roy, don't talk.  Don't say nothing."].  Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced.  A motion to suppress the videotape would not have been successful.  The detective interviewing Mancha testified that the videotape accurately depicted the interview that he conducted of Mancha.  The detective further testified that he left the interview several times to have the screaming and yelling individual quieted.  The detective testified that he was positive that it was appellant screaming and yelling.  Therefore, appellant is not entitled to relief.

(Exhibit 75, at pp. 12-13).

8
9
10
11
12
13

The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

14
15
16
17
18
19

The underlying issue is involves the state court's ruling on the admission of a piece of evidence, specifically, the videotape.  "A state's interpretation of its own laws or rules affords no basis for federal habeas corpus relief because no federal constitutional question arises."  *Burkey v. Deeds*, 824 F. Supp. 190, 191 (D. Nev. 1993).  A state court's interpretation is binding on federal courts in a habeas corpus action, and alleged errors of state law do not warrant habeas relief.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

20
21
22
23
24
25

This Court has reviewed the record with respect to petitioner's claim of ineffective assistance of counsel.  This Court finds that counsel's performance did not fall beyond an objective standard of reasonableness under prevailing norms.  Petitioner has not satisfied the prejudice prong of the *Strickland* analysis, as he has not shown that, but for the alleged errors of counsel, the outcome of the proceeding would have been different.  Petitioner's counsel was not ineffective and this Court will deny habeas relief with respect to Ground Ten.

**11.  Ground Eleven**

26

Petitioner asserts that he is entitled to relief because of the cumulative effect of the

21

1   errors raised on appeal and in the petition.  (Amended Petition, Docket #8, at p. 22).  The Nevada

2   Supreme Court found no cumulative error, with respect to Grounds One through Five: "[P]etitioner

3   contends that cumulative error deprived him of a fair trial.  We conclude that cumulative error did

4   not deprive appellant of a fair trial and we order this appeal dismissed."  (Exhibit 56, at p. 6).  The

5   factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed

6   to meet his burden of proving that the state court's ruling was contrary to, or involved an

7   unreasonable application of, clearly established federal law, as determined by the United States

8   Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of

9   the evidence presented in the state court proceeding.

10          To the extent that cumulative error may be grounds for federal habeas relief, the Ninth

11   Circuit has announced that: "[T]he combined effect of multiple trial court errors violates due process

12   where it renders the resulting criminal trial fundamentally unfair."  *Parle v. Runnels*, 505 F.3d 922,

13   927 (9th Cir. 2007).  This Court has reviewed the state court record and the pleadings filed by the

14   parties.  Petitioner has not demonstrated that cumulative errors occurred, and even assuming errors

15   did occur, that such errors resulted in a trial that was fundamentally unfair.  As such, this Court will

16   deny habeas relief with respect to Ground Eleven.

17            **12. Ground Twelve**

18          Petitioner claims that the State's failure to disclose relocation benefits and rental

19   payments promised to witness Douglas Daugherty denied petitioner's rights to due process of law

20   and a fair trial under the Fifth and Fourteenth Amendments.  (Amended Petition, Docket #8, at pp.

21   21-25).  Petitioner asserts that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by

22   withholding evidence that could have been used to impeach Daugherty's credibility at trial.

23   Respondents argue that Ground Twelve is both untimely under the AEDPA statute of limitations,

24   and that the claim is procedurally barred.[2]

25

26          [2] The Court has reviewed the parties' arguments regarding timeliness, but does not include discussion herein, as the issue of procedural default is dispositive of Ground Twelve.

### A.  Procedural Default Principles

Generally, in order for a federal court to review a habeas corpus claim, the claim must be both exhausted and not procedurally barred.  *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

> The *Coleman* Court stated the effect of a procedural default, as follows:
> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner,* 328 F.3d at 1046.

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).  Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default.  *Murray*, 477 U.S. at 488.  However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts.  *Murray*, 477 U.S. at 488-89.  In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

> With respect to the prejudice prong of cause and prejudice, the petitioner bears: the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

1   *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170

2   (1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner

3   suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d

4   528, 530 n.3 (9th Cir. 1988).

5                                    **B.  Application to the Instant Case**

6                  On petitioner's most recent return to state court, the Nevada Supreme Court applied

7   the procedural bars of NRS 34.726 and NRS 34.810, finding that petitioner's second habeas petition

8   was untimely and successive.  (Exhibit 100, at p. 2).  Both NRS 34.726 and 34.810 have been held

9   on numerous occasions to be adequate state law procedural rules barring federal review.  *See Moran*

10  *v. McDaniel,* 80 F.3d 1261 (9ᵗʰ Cir. 1996); *Bargas v. Burns,* 179 F.3d 1207 (9ᵗʰ Cir. 1999); *Valerio v.*

11  *Crawford,* 306 F.3d 742 (9ᵗʰ Cir. 2002); *Vang v. State of Nevada,* 329 F.3d 1069, 1074 (9ᵗʰ Cir.

12  2003).

13                 The Nevada Supreme Court also held that petitioner had failed to demonstrate that

14  failure to consider his claim would result in a fundamental miscarriage of justice.  (Exhibit 100, at

15  pp. 2-4).  The Nevada Supreme Court specifically ruled that, "even if Daugherty's credibility were

16  impeached by disclosure of the alleged <u>Brady</u> evidence, we conclude that there is neither a

17  reasonable probability nor possibility that it would have altered the outcome of his trial."  (Exhibit

18  100, at p. 3).

19                                    **C.  Cause and Prejudice Analysis**

20                 There are three components of a *Brady* violation: (1) the evidence at issue must be

21  favorable to the accused either because it is exculpatory or because it is impeaching; (2) the evidence

22  must have been suppressed by the State either willfully or inadvertently; and (3) prejudice must have

23  ensued.  *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).  "Such evidence is material 'if there is a

24  reasonable probability that, had the evidence been disclosed to the defense, the result of the

25  proceeding would have been different.'"  *Id.*, at 280 (quoting *United States v. Bagley*, 473 U.S. 667,

26  682 (1985)).  "[T]here is never a real '*Brady* violation' unless the nondisclosure was so serious that

24

1    there is a reasonable probability that the suppressed evidence would have produced a different

2    verdict." *Strickler v. Green,* 527 U.S. at 281.  Where a *Brady* claim is procedurally defaulted in state

3    court, "cause and prejudice parallel two of the three components of the alleged *Brady* violation

4    itself." *Id.,* at 282.  "Corresponding to the second *Brady* component (evidence suppressed by the

5    State), a petitioner shows "cause" when the reason for his failure to develop facts in state-court

6    proceedings was the State's suppression of the relevant evidence; coincident with the third *Brady*

7    component (prejudice), prejudice within the compass of the "cause and prejudice" requirement exists

8    when the suppressed evidence is "material" for *Brady* purposes." *Banks v. Dretke*, 540 U.S. 668,

9    691 (2004) (citing *Strickler v. Green,* 527 U.S. at 282).

10            In the instant case, even assuming that petitioner was unable to impeach Daugherty's

11    credibility by the State's failure to disclose *Brady* evidence (relocation and rental payments), the

12    alleged *Brady* evidence was not material.  Daugherty was one of three witnesses who testified that

13    petitioner confessed to murder – Louis Myers, Christine Sooley, and Roy Mancha.  Physical

14    evidence in petitioner's possession, including blood-stained clothes, bullets, and the victim's

15    belongings, were also presented at trial.  Even if Daugherty's credibility been impeached with the

16    alleged *Brady* evidence, there was overwhelming evidence that supported petitioner's conviction.

17    The alleged *Brady* evidence was not material, because there is a no reasonable probability that, had

18    the evidence been disclosed to the defense, the result of the proceeding would have been different.

19    Petitioner has failed to show that the alleged *Brady* evidence was material, and thus has failed to

20    demonstrate cause and prejudice to excuse the procedural default.  Dismissal of Ground Twelve is

21    appropriate because this claim was procedurally defaulted in state court.  Petitioner has not shown

22    cause and prejudice to overcome the procedural default.  Ground Twelve is therefore dismissed with

23    prejudice as procedurally barred.

24    **IV.**    **Certificate of Appealability**

25            In order to proceed with his appeal, petitioner must receive a certificate of

26    appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435

F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

## V.      Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #23) the third amended petition is **DENIED IN PART**, as to respondents' arguments regarding exhaustion, and the motion is **GRANTED** as to the remaining arguments.

**IT IS FURTHER ORDERED** that, the Court having reviewed the merits of each claim, the third amended petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED this 10th day of March, 2009.

_____
UNITED  STATES  DISTRICT  JUDGE